The opinion of the Court was delivered by
Wardlaw, J.
The defendants were by the contract, which, as common carriers, they made with the plaintiff, bound to deliver the goods in Camden within a reasonable time. (Raphael vs. Pickford, 5 Man. and Gran. 551.) After the expiration of the reasonable time, without disproof of negligence on their part, they became answerable for the wrong of non-delivery; and if nothing more had appeared, the measure of damages would have been the' value of the goods at the place where they should have been delivered, together with any reasonable loss and expenses which had been directly occasioned by the wrong. (Black vs. Baxendale, 1 Exch. R. by Weis., Hurd, and Gord. 410.) But mere non-feasance on the part of the defendants, *192 without any wrongful act of interference, did not amount to a conversion. The goods, even after great delay in the carriage of them, belonged to the plaintiff. When they were tendered to him, he should have accepted them; and thereby the extreme measure of damages would have been reduced, by deduction therefrom of the value of the goods, according to their condition at the time and place of tender. The doctrine of technical abandonment is not applicable to common carriers, as it is to insurers, however plain it may be, that often without either loss or conversion of the goods, carriers may be liable for the whole value, and sometimes for more.
In this case, the defendants do not complain of the instructions which were given to thfe jury, but of the amount of the verdict, which is supposed to be conjectural and excessive. It would have been more satisfactory, if by accepting the goods, the plaintiff had enabled himself to show exactly the deterioration they had sustained. But long before the tender, his right of action had become complete, and no subsequent tender or acceptance could have discharged it. (Bowman vs. Teall, 23 Wend. 306.) The evidence shows that the goods, if delivered according to contract, would, at the place of destination, have been worth $120; that the plaintiff had incurred expenses in sending for them; that by the detention of them they must have been greatly injured; and that, after being refused by the plaintiff, they were by the defendants taken back to the point from which they started. Under these circumstances, the verdict for $100, if not exactly right, is so nearly so, that no interference of this Court would be justifiable.
The motion is dismissed.
O’Neall, Withers, Whitner, Glover and Münro, JJ., concurred.

Motion dismissed.